## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

ALPHEUS DAVIS AND LIZZETTE PACHECO,

          Plaintiffs,

vs.

NATIONSTAR MORTGAGE LLC,

          Defendant.

_____/

### COMPLAINT

**COME NOW,** the Plaintiffs, ALPHEUS DAVIS AND LIZZETTE PACHECO, by and through undersigned counsel, and bring this action against the Defendant, NATIONSTAR MORTGAGE LLC ("NATIONSTAR") and as grounds thereof would allege as follows:

### INTRODUCTION

1.      This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations, and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2.      The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and TILA's respective implementing regulations.

3.      The FCCPA prevents debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

4.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5.      Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6.      Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this District is proper because Plaintiffs reside in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8.      At all times material hereto, Defendant, NATIONSTAR was and is a foreign corporation, incorporated under the laws of the State of Deleware; duly licensed to transact business in the State of Florida, has a principal address of 350 Highland Drive, Lewisville, TX 75067, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

9.      At all times material hereto, Plaintiffs were and are residents of Broward County, Florida, and own a home, which is Plaintiffs' primary residence, in Broward County.

10.     At some point in time prior to the violations alleged herein, NATIONSTAR was hired to service the subject loan.

11.     At all times material hereto, NATIONSTAR, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation

*TL-9151*

owned by NATIONSTAR and secured by a mortgage upon Plaintiffs' primary residence and principal dwelling, located at **** NW 185th Terrace, Hollywood, Florida 33029.

12.     At all times relevant to this Complaint, NATIONSTAR, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

13.     At all times relevant to this Complaint, NATIONSTAR, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under Florida Statute §559.55(6).

14.     At all times relevant to this Complaint, NATIONSTAR, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

15.     At all times relevant to this Complaint, NATIONSTAR, was acting as a debt collector with respect to the collection of Plaintiffs' alleged debt.

16.     Upon information and belief, the primary function of NATIONSTAR's servicing business is to collect payment on mortgage accounts.

17.     The debt that Defendant sought to collect from Plaintiffs is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

18.     At all times relevant to this Complaint, Plaintiffs, were and are  natural persons, and are "consumers" as that term is defined by Florida Statutes §559.55(2), and/or persons with standing to bring a claim under the FCCPA by virtue of being directly affected by violations of the Acts.

19.     At all times material hereto, the debt in question was a "debt" as said term is defined under Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

20.     On or about March 26, 2007, Plaintiffs entered into a fixed rate promissory note agreement with NATIONSTAR (the "Note").

21.     The Note was secured by a mortgage on Plaintiffs' residence located at **** NW 185th Terrace, Hollywood, Florida 33029 (the "Mortgage").

22.     Plaintiffs' residence is a residential structure containing one to four family housing units.

23.     The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

24.     On or about November 5, 2013, a foreclosure action was filed against Plaintiffs in Broward County, Florida, bearing Case No. CACE1324470, styled as *Nationstar Mortgage LLC v. Alpheus Davis, et al.* (the "Foreclosure").

25.     In December 2013, Loan lawyers, LLC ("Loan Lawyers"), as counsel for Plaintiff, filed their Notice of Appearance in the foreclosure action.

## REQUEST FOR INFORMATION

26.     On or about February 13, 2014, Loan Lawyers—on behalf of Plaintiffs—mailed to NATIONSTAR a written correspondence pursuant to Regulation X and RESPA, inquiring about specific fees being added to Plaintiffs' account and informing NATIONSTAR that the property was occupied and that Plaintiff "has not allowed the property to deteriorate and has not committed waste on the property." Further, Plaintiffs asked NATIONSTAR to cease its property inspections. The February 13, 2014, letter shall hereinafter be referred to as Plaintiffs' RFI.

27.     A true and correct copy of Plaintiffs' RFI is attached hereto as Exhibit "A".

*TL-9151*

28.      On March 6, 2014, NATIONSTAR provided Plaintiffs' counsel with a response to Plaintiffs' RFI that did not breakdown the fees or provided supporting documentation other than payment history transaction report, which was unclear as to whether all of the fees were actually contained therein.

29.      A true and correct copy of the relevant portions of same is attached hereto as Exhibit "B".

30.      On July 28, 2014, Plaintiffs' counsel, on behalf of Plaintiffs' requested an accurate statement of the total outstanding balance that would be required to satisfy Plaintiffs' mortgage loan as of a specified date ("payoff quote").

31.      On August 5, 2014, NATIONSTAR provided Plaintiffs' counsel with a payoff quote. A true and correct copy of same is attached hereto as Exhibit "C".

32.      Due to some discrepancies noticed between the payment history transaction report and the payoff quote, on September 29, 2014, Plaintiffs' counsel, or behalf of Plaintiffs', sent NATIONSTAR a request for information pursuant to 12 C.F.R. § 1024.36, in hopes of clearing up the discrepancies in the Corporate Advance Balance ("Plaintiffs' Second RFI").

33.      A true and correct copy of same is attached hereto as Exhibit "D".

34.      NATIONSTAR, was obligated to acknowledge receipt of Plaintiffs' Second RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

35.      NATIONSTAR, was obligated to provide a written response to Plaintiffs' Second RFI information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

36.     To date, NATIONSTAR has failed or refused to respond to Plaintiffs' Second RFI, contrary to 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. 1024.36(d)(2)(i)(B).

## PROPERTY INSPECTIONS

37.     Moreover, during the midst of these correspondences, on June 9, 2014, Plaintiffs' counsel submitted a loss mitigation application on Plaintiffs' behalf to NATIONSTAR. Plaintiffs' filled out a Borrower Assistance Form ("BAF") stated that the property was their primary residence, owner occupied, and they wanted to keep the property.

38.     Notwithstanding that the BAF and previous correspondences to NATIONSTAR informed NATIONSTAR that the property was occupied and in good condition, NATIONSTAR continued to cause property inspections to be performed on Plaintiffs' residence.

39.     Specifically, said inspections were allegedly conducted on September 24, 2014, September 26, 2014, and October 23, 2014.

40.     Upon information and belief, NATIONSTAR performs property inspection in order to increase its billing of Plaintiffs and borrowers at large.

41.     Upon information and belief, NATIONSTAR is not in need of monthly inspections.

42.     The inspections were performed by an unknown third party who was hired or otherwise retained by Defendant to visit Plaintiffs' home and to inspect the exterior and take pictures of the house, etc.

43.     These actions were taken in the open and in broad daylight, in full view of Plaintiffs' neighbors, which caused embarrassment, anxiety and consternation to Plaintiffs.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

44.     Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 36.

45.     Section 6, Subsection (k) of RESPA states in relevant part:

**(k) Servicer prohibitions**
**(1) In general**
A servicer of a federally related mortgage shall not--
…
**(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
**(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
**(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

46.     Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

47.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

48.     NATIONSTAR has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that NATIONSTAR did not provide a written response to a request for information within the required timeframe.

*TL-9151*

49.     As such, NATIONSTAR has violated 12 U.S.C. § 2605(k)(1)(E).

50.     Plaintiffs have hired Loan Lawyers, LLC, for legal representation in this action and have agreed to pay a reasonable attorney's fee.

51.     Plaintiffs are entitled to actual damages as a result of Defendant, NATIONSTAR's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to NATIONSTAR's failure to comply with RESPA. *See* Marais v. Chase Home Finance, LLC, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer ignored its statutory duties); Soriano v. Countrywide Home Loans, Inc., Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

52.     Plaintiffs are entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of NATIONSTAR's pattern or practice of noncompliance with Regulation X and RESPA.

53.     In this case alone, NATIONSTAR has violated three (3) separate provisions of Regulation X and RESPA.

54.     Moreover, Plaintiffs' counsel can demonstrate numerous correspondences sent to NATIONSTAR, relating to other clients under the applicable statutes, in which NATIONSTAR failed to acknowledge or adequately respond as required by law.

55.     Plaintiffs are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

### COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

56.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25 and 37 through 43.

57.     Florida Statutes § 559.72(9) states:

> "In collecting debts, no person shall…
>> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

58.     The charge of fees and costs to Plaintiffs' mortgage loan account for property inspections is a claim or an attempt to enforce a debt that NATIONSTAR knows is not legitimate.

59.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

60.     As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

61.     Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

62.     As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

*TL-9151*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, ALPHEUS DAVIS AND LIZZETTE PACHECO,

respectfully asks this Court to enter an order granting judgment for the following:

    (a)  That NATIONSTAR be required to provide the information requested in Plaintiff's RFI;

    (b)  That NATIONSTAR be required to remove all unlawful fees from Plaintiff's mortgage

        loan account;

    (c)  For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to

        12 U.S.C. § 2605(f) and Florida Statutes § 559.77(2); and

    (d)  Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

    Plaintiffs, ALPHEUS DAVIS AND LIZZETTE PACHECO, hereby demand a trial by

jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*s
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:      (954) 523-4357
Facsimile:       (954) 581-2786

TL-9151